IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ISAIAH ALPHONZO DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-041 |
| ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| OFFICER MINCEY; and ) | |
| OFFICER WIMBLEE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff objects to the August 3, 2022 Order by the Magistrate Judge, (doc. no. 8), denying the request for discovery prior to submission of an amended complaint to cure pleading deficiencies as originally identified in an order dated June 27, 2022, (doc. no. 4). The Magistrate Judge did, however, grant a second extension of time until August 19, 2022, to submit the required amended complaint. (Doc. no. 8, p. 4.) Plaintiff does not object to the ruling that this case is not yet ripe for discovery, but he claims that the multiple extensions of time to amend - totaling over one month from the original deadline to amend, (see doc. nos. 4-6) - is insufficient. Plaintiff asserts he cannot obtain the information required to amend his complaint for at least ninety additional days because it will take that long to get a response to a Freedom of Information Act ("FOIA") request. (Doc. no. 9.)

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Plaintiff misunderstands the requirements for amending the complaint when he claims he cannot find out the identities of the prisoners who attacked him without submitting a FOIA request. The Magistrate Judge did not require Plaintiff to submit the names of his alleged attackers. Indeed, the August 3, 2022 Order specifically states, "Plaintiff need not provide specific names of the gang members he alleged attacked him." (Doc. no. 8, p. 3.) Rather, Plaintiff must generally allege whether he was attacked by the same people who he was warned wanted to do him harm, as well as whether and when he provided that information to Defendants Wimblee and Mincey. (See id.; see also doc. no. 4, p. 4 (describing legal requirements for Eighth Amendment deliberate indifference claim).)

When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). As the Eleventh Circuit explained,

2

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal citations and quotations omitted). Thus, Plaintiff must minimally allege Defendants knew he faced a substantial risk of harm from individuals whom they (Defendants) knew posed a substantial risk of harm but failed to respond in a reasonable manner. Thus, as the Magistrate Judge stated, Plaintiff does not need the names of specific inmates to state a valid failure to protect claim.

As to providing the date of the events in question, the Magistrate Judge pointed out Plaintiff alleged in his original complaint that he had been treated at a hospital outside of the prison where the attack occurred and attached medical documentation suggesting there are sources other than the Department of Corrections who can provide Plaintiff with the required information about when the assault occurred. (Doc. no. 8, p. 3 (citing doc. no. 1-1).) Thus, the Court disagrees Plaintiff has had insufficient time or insufficient sources of information to provide the minimum level of information for an amended complaint to satisfy the pleading requirements outlined by the Magistrate Judge.

In sum, the Court concludes the Magistrate Judge's ruling is not clearly erroneous or contrary to law and **OVERRULES** the objections. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010) (*per curiam*). Plaintiff shall

3

have through and including Friday, September 2, 2022, to submit the amended complaint originally required by the June 27, 2022 Order. No further extensions will be granted. Failure to submit the required amended pleading will be an election to have the case dismissed without prejudice.

SO ORDERED this 24th day of August, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA