IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ISAIAH ALPHONZO DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-041 |
| ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| OFFICER MINCEY; and ) | |
| OFFICER WIMBLEE, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly incarcerated at Rogers State Prison in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Upon screening Plaintiff's complaint on June 27, 2022, the Court determined Plaintiff's allegations did not provide sufficient detail to show he had any viable claims and directed Plaintiff to file an amended complaint within fourteen days. (See doc. no. 4.) At Plaintiff's request, the Court granted an extension of time until July 25, 2022, to file the amendment. (See doc. no. 6.)

Plaintiff did not submit an amended complaint by July 25th, but he did request the Court order a discovery period prior to submission of the amended pleading. (Doc. no. 7.)

The Court denied that request but granted one final extension of time until August 19, 2022, to file the required amended pleading. (See doc. no. 8.) Plaintiff objected to that order, (doc. no. 9), but Chief United States District Judge J. Randal Hall overruled the objection, (doc. no. 10). Chief Judge Hall granted Plaintiff an extension through and including September 2, 2022, to comply with the Court's order to amend and cautioned Plaintiff that failure to submit the required amended pleading would be an election to have the case dismissed without prejudice.[1] (Id. at 3-4.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order,

---

[1] Plaintiff had been cautioned several times that failing to submit the required amended complaint would result in dismissal of the case without prejudice. (Doc. no. 4, p. 7; doc. no. 6, p. 1; doc. no. 8, pp. 3-4.)

2

"especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint after receiving multiple extensions of time to do so, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's June 27, 2022 Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA