IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| ISIAH ALPHONZO DRIVER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 622-041 |
| | * | |
| DEPARTMENT OF CORRECTIONS; | * | |
| OFFICER MINCEY; and OFFICER | * | |
| WIMBLEE, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Presently before the Court is Plaintiff's motion for reconsideration. (Doc. 15.) Plaintiff requests the Court reconsider its decision adopting the Magistrate Judge's Report and Recommendation ("R&R") and instead adopt his amended complaint. (Id. at 1.) For the following reasons, Plaintiff's motion is **DENIED**.

I. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a

knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff does not specify under which Rule he brings this motion; therefore, the Court must determine under which Rule it falls. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion only three days after the Order adopting the R&R; thus, the Court will analyze his motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and alterations omitted).

## II. DISCUSSION

On September 30, 2022, the Court concurred with the Magistrate Judge's R&R, to which no objections were filed, and dismissed this

3

case without prejudice for Plaintiff's failure to timely submit an amended complaint as required by the Court's prior orders. (Doc. 14.) Specifically, the R&R stated Plaintiff's allegations did not provide sufficient detail to show he had any viable claims and despite numerous extensions, Plaintiff failed to file an amended complaint as requested by the Court. (Doc. 11, at 3.) Based on this failure, the Court found Plaintiff abandoned his case. (Id.)

Despite not filing objections to the R&R, Plaintiff now asks the Court to reconsider its findings and asserts the last several Court orders were received a week and a half after the filing date. (Doc. 15, at 2.) Further, he argues he was denied discovery to file his amended complaint, and "if the Court would have served the original complaint on the Defendants, then discovery could have commenced in a reasonable time frame." (Id. at 3.) It is not the Court's duty to serve Defendants, and it is not the Court's duty to permit discovery for Plaintiff to file an amended complaint; therefore, these arguments are without merit.

Ultimately, Plaintiff offers nothing in his motion to meet the high threshold for reconsideration under Rule 59. Plaintiff did not file an amended complaint as required by the Court's prior orders, and he presents nothing to justify reconsideration of the Court's decision to dismiss this action. Therefore, Plaintiff's motion for reconsideration (Doc. 15) is **DENIED** and this case stands **CLOSED**.

4

ORDER ENTERED at Augusta, Georgia, this 25th day of October, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA